UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>DIANE HILLARD, in her individual capacity; CHERYL HILLARD; A.H. by and through her mother and natural guardian, DIANE HILLARD, until such time as a guardian *ad litem* can be appointed for her; K.H., by and through her mother and natural guardian, DIANE HILLARD, until such time as a guardian *ad litem* can be appointed for her;<br><br>    Defendants. | Docket No. _____<br><br>**COMPLAINT FOR INTERPLEADER** |

Plaintiff, The Prudential Insurance Company of America ("Prudential"), an insurance company organized under the laws of the State of New Jersey, with its principal place of business located therein at 751 Broad Street, Newark, New Jersey, by way of Complaint in Interpleader, says:

### I.    THE PARTIES

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in Newark, New Jersey.

2. Defendant Diane Hillard ("Diane") is an adult individual who upon information and belief resides in and is a citizen of Highland Ranch, Colorado. Diane is the former wife of Lee Hillard, deceased ("Insured"). Diane is named in this action as a putative beneficiary. Diane is also named in her capacity as mother and natural guardian of the

1

minors A.H. and K.H. until such time as a guardian *ad litem* can be appointed for A.H. and K.H.

3. Defendant A.H. is a minor child of Diane and the Insured. Upon information and belief, A.H. is a citizen of the State of Colorado and resides with her mother in Highland Ranch, Colorado. A.H. is named in this action as a putative beneficiary.

4. Defendant K.H. is a minor child of Diane and the Insured. Upon information and belief, K.H. is a citizen of the State of Colorado and resides with her mother in Highland Ranch, Colorado. K.H. is named in this action as a putative beneficiary.

5. Defendant Cheryl Hillard is an adult individual who upon information and belief resides in Colorado. Cheryl is the mother of the Insured and is named in this action as a putative beneficiary.

## II.   JURISDICTION AND VENUE

6. This Court has diversity jurisdiction over this Interpleader action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 and there is diversity of citizenship between the Plaintiff, a New Jersey corporation with its principal place of business in Newark, New Jersey, and the defendants, all of whom are, upon information and belief, citizens of Colorado.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because it is the judicial district in which the defendants reside.

## III.   FACTS SUPPORTING INTERPLEADER

8. The Insured was covered under a Trustee of the Portability Plan Insurance Trust plan bearing contract number 75087 ("Participant Term Life Contract"). A true and correct copy of the Participant Term Life Contract is attached hereto as Exhibit A. This is a non-

ERISA plan, although the Insured did port his coverage to this plan from a PricewaterhouseCoopers LLP plan bearing contract number 22117 ("PWC Contract"), which was an ERISA plan. A true and correct copy of the PWC Group Contract is attached hereto as Exhibit B.

9. At all relevant times, the Insured was covered under the Participant Term Life Contract in the amount of $500,000 ("Death Benefit"), plus accrued claim interest, if any.

10. The Insured died on or about May 19, 2016 of a self-inflicted gunshot wound. A true and correct copy of the Insured's Death Certificate as received by Prudential is attached hereto as Exhibit C.

11. As a result of the Insured's death, the Death Benefit became payable.

12. On or about June 9, 2006, the Insured executed a Group Term Life Insurance Coverage Portability Election form on which he designated Diane as primary beneficiary of the Participant Term Life Contract, and Cheryl as contingent beneficiary of the Participant Term Life Contract. A true and correct copy of the Group Term Life Insurance Coverage Portability Election Form as received by Prudential is attached hereto as Exhibit D.

13. To the extent that Colo. Rev. Stat. § 15-11-804 applies, it appears that Colorado's divorce revocation statute may serve to revoke the beneficiary designation made to Diane, in which case the payee of the Death Benefit would be Cheryl.

14. However, the Insured and Diane also entered into a Marital Settlement Agreement ("MSA"), which, although it does not specifically identify the Participant Term Life Contract, may serve to require payment of the Death Benefit to the minors, A.H. and K.H. The language of Paragraph 66 of the MSA reads: "Lee presently has a $500,000 death benefit term life insurance policy which expires soon and he is uninsurable. He

3

agrees to maintain this existing policy and benefit level during the balance of the contracted term with our children as the named beneficiary. To establish proof of his continued maintenance of such life insurance coverage, Lee further agrees to provide to Diane either 1) a written, continuing release to allow verification directly with the respective insurance company or its agent, or 2) written documentation on or before May 1 of each year." A true and correct copy of the MSA as received by Prudential is attached hereto as Exhibit E.

15. The MSA was incorporated into the divorce decree. A true and correct copy of the divorce decree as received by Prudential is attached hereto as Exhibit F.

16. The MSA and divorce decree did not specifically identify the Participant Term Life Contract. *See* Exhibit E, MSA, at ¶ 66.

17. On or about July 31, 2016, Diane submitted a Beneficiary Statement indicating that she was making claim to the Death Benefit. A true and correct copy of Diane's beneficiary statement is attached hereto as Exhibit G.

18. By letter dated September 22, 2016, attorney Abraham J. Laydon of Burns Figa & Will addressed a letter to Prudential making claim to the death benefit on behalf of the minors, A.H. and K.H. A true and correct copy of Abraham J. Laydon's September 22, 2016 letter to Prudential is attached hereto as Exhibit H.

19. By letter dated June 15, 2016, attorney Nicholas J. Morris, representing Cheryl, advised Prudential that pursuant to Colorado's divorce revocation statute, payment should not be made to Diane, but rather to Cheryl and/or the Estate of the Insured. A true and correct copy of the June 15, 2016 letter from Nicholas J. Morris to Prudential is attached hereto as Exhibit I.

### IV.    THE APPROPRIATENESS OF INTERPLEADER

20. Prudential claims no title to or interest in the Death Benefit and is ready and willing to pay the Death Benefit to the person or persons entitled to it, but Prudential is unable to make that determination without exposing itself to multiple or double liability on account of the potential competing claims of the parties.

21. Prudential has no means other than this interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and possible multiple litigation as to the insurance proceeds on the part of the parties.

22. Prudential is a mere stakeholder in this action, having and claiming no interest in the Death Benefit.  Prudential is ready, willing, and hereby offers to deposit the Death Benefit, together with applicable claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

### PRAYER FOR RELIEF

**WHEREFORE**, Prudential respectfully requests that this Court grant the following relief:

A.    Directing Prudential to pay the Death Benefit, together with claim interest, if any, into this Court;

B.    Appointing such guardian *ad litem* as the Court deems appropriate to serve as guardian *ad litem* to represent the interests of the minor A.H. and K.H. in this action;

C.    Directing the defendants to interplead their rights to such sum;

D.    Restraining the defendants, and each of them, from instituting or maintaining any action against Prudential to recover such sum;

E. Discharging Prudential from all liability to the defendants arising out of the matters set forth herein upon payment of the Death Benefit, together with applicable claim interest, if any, into this Court;

F. Entry of an Order awarding Prudential payment of its reasonable attorney's fees and costs necessitated by the bringing of this action;

and

G. Such other relief as is deemed just and proper.

/s/ Jaclyn DiLascio Malyk
Jaclyn DiLascio Malyk
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Parsippany Corporate Center
Four Century Drive
Parsippany, New Jersey 07054-4663
(973) 734-3200
jmalyk@darcambal.coom
Attorney for Plaintiff,
The Prudential Insurance Company of America

Dated: January 18, 2017